NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re IOENGINE, LLC,**
*Petitioner*

---

2024-110

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. 90/015,292 and 90/015,293.

---

**ON PETITION**

---

Before MOORE, *Chief Judge*, TARANTO and CHEN, *Circuit Judges*.

MOORE, *Chief Judge*.

**O R D E R**

IOENGINE, LLC petitions for a writ of mandamus directing the United States Patent and Trademark Office ("Patent Office") to vacate its decisions ordering the underlying *ex parte* reexaminations and to terminate those proceedings under 35 U.S.C. § 325(d). We deny the petition.

In December 2021, IOENGINE sued Roku, Inc. in district court for infringing U.S. Patent Nos. 10,447,819 and 10,972,584. In response, Roku petitioned for *inter partes* review ("IPR") of the patents. The Patent Trial and Appeal

Board denied institution. As to the '819 patent, the Board found that the grounds raised by Roku failed to establish a reasonable likelihood that it would prevail with respect to at least one of the challenged claims. As to the '584 patent, the Board exercised its discretion to deny institution on the ground that it would be an inefficient use of resources in light of the pending district court litigation between the parties.

While continuing to defend itself in the infringement action, Roku in September 2023 petitioned for *ex parte* reexamination of the asserted patents. IOENGINE then petitioned the Patent Office under 37 C.F.R. § 1.181 to reject Roku's petitions, arguing they should be denied under 35 U.S.C. § 325(d) because the petitions were based on the same or substantially the same prior art or arguments presented in Roku's previously unsuccessful IPR petitions.

In December 2023, the Patent Office granted reexamination over IOENGINE's objections, concluding Roku had raised substantial new questions of patentability. As to the '819 patent, the Patent Office determined that the prior art (and associated arguments) presented in Roku's reexamination petition were not the same or substantially the same as those in the IPR petitions. It also found no compelling basis to reject reexamination of the '584 patent, noting the Board had not fully considered the merits presented in the earlier IPR petitions.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). A petitioner must: (1) show that it has a clear and indisputable right to relief; (2) show it does not have any other adequate method of obtaining relief; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). IOENGINE has not met that demanding standard.

IOENGINE has not shown that a post-final decision appeal here is an inadequate remedy to obtain relief based on its § 325(d) challenge. *See In re Vivint, Inc.*, 14 F.4th 1342 (Fed. Cir. 2021) (reviewing a § 325(d) challenge following appeal from final decision); *In re Sound View Innovations, LLC*, No. 2022-161, 2022 WL 17099155 (Fed. Cir. Nov. 22, 2022) (denying mandamus because petitioner seeking same relief had an adequate remedy of an appeal); *In re Knauf Insulation, Inc.*, No. 2022-166, 2022 WL 17098755 (Fed. Cir. Nov. 22, 2022) (same).

Furthermore, the decision to decline reexamination under § 325(d) is generally left to the discretion of the Patent Office. *See* § 325(d) ("[T]he Director may take into account whether, and reject the petition or request because, the same or substantially the same prior art or arguments previously were presented to the Office."). IOENGINE's petition has not established a clear and indisputable right to preclude the Patent Office's case-specific decisions here.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

February 20, 2024
Date